1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONY B.,

                 Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C20-5851-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1967, has at least a high school education, and previously worked as an industrial taxi driver and construction worker.  AR 37.  Plaintiff was last gainfully employed in September 2018.  AR 26.

On December 28, 2017, Plaintiff applied for benefits, alleging disability as of February 1, 2015.  AR 24.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  After the ALJ conducted a hearing on August 22, 2019, the ALJ issued a decision finding Plaintiff not disabled.  AR 21-44.  The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.  *Id.* at 1-6.  Plaintiff appealed this decision for judicial review.  Dkt. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff engaged in substantial gainful activity between April-September 2018.

**Step two**:  Plaintiff has the following severe impairments: hernia, Hepatitis C, right rotator cuff tear, unspecified neurodevelopmental, and depression.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform light work subject to a series of further limitations.

**Step four**:  Plaintiff is unable to perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 26-39.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred making unsupported step five findings and by failing to find an unsuccessful work attempt at step one.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Erred by Making Unsupported Step Five Findings

Plaintiff stipulates to the ALJ's findings at steps two through four but contends the ALJ erred at step five by failing to properly address the VE's testimony. Dkt. 8 at 5-11.  Based on the VE's testimony, the ALJ found at step five there are three jobs existing in significant numbers

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

1    Plaintiff could perform: electrical assembler (79,000 jobs nationally), hand packager/inspector

2    (20,900 jobs nationally), and production assembler (20,800 jobs nationally).  AR at 38.

3         After the hearing, Plaintiff submitted to the Appeals Council data that disputed the VE's

4    testimony about the job numbers, arguing the aggregate of the three jobs equaled 8,434 positions.

5    Dkt. # 12 at 9-10 (citing AR at 15-20).  Plaintiff's data is part of the record.  *See* AR at 5, 15-20,

6    340-41.  According to Plaintiff's data, there are 5,323 electrical assembler jobs, 2,407 hand

7    packager/inspector jobs, and 704 production assembler jobs.  Dkt. 12 at 10 (citing AR 341).

8    Using Plaintiff's data, the aggregate number of the three jobs falls short of the "close call" of

9    25,000 jobs identified as "significant" by the Ninth Circuit in *Gutierrez v. Comm'r of Soc. Sec.*,

10   740 F.3d 519, 529 (9th Cir. 2014); *see also Randazzo v. Berryhill*, 725 F. App'x 446, 446 (9th

11   Cir. 2017) (finding 10,000 jobs "may not amount to a significant number of jobs in the national

12   economy"); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) ("We note that this

13   court has never found [12,600 jobs] to be significant.").

14        Plaintiff argues this evidence undermines the ALJ's step five findings.  In challenging

15   vocational expert testimony (and preserving the issue for judicial review), "[i]t is enough to raise

16   the job-numbers issue in a general sense before the ALJ.  A claimant may do so by inquiring as

17   to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those

18   numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d)."

19   *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017).  Plaintiff preserved this issue for review

20   by asking the VE for the source of the job numbers proffered.  AR at 68.  After the ALJ issued

21   the decision finding Plaintiff not disabled, Plaintiff sought review in the Appeals Council and

22   challenged the accuracy of the VE's testimony by submitting a brief with accompanying exhibits

23   and data compiled by the Bureau of Labor Statistics.  *See id.* at 15-20, 340-41.  This Court may

consider new evidence submitted for the first time to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence.  *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993) (holding a district court may consider evidence that was rejected by the Appeals Council to determine whether, in light of the record as a whole, an ALJ's decision was supported by substantial evidence and was free of legal error); *see also Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).

The evidence Plaintiff submitted to the Appeals Council "cast[s] doubt on [the] VE's job estimates," *Shaibi*, 883 F.3d at 1110, and suggests the total number of jobs identified at step five is not "significant" under Ninth Circuit precedent.  The Court finds the ALJ's step five finding is thus undermined and concludes remand is necessary given the fact-finding necessary to resolve the apparent conflict in the evidence.  "[T]hat responsibility rests with the ALJ, who did not consider this evidence or argument."  *Jaquez v. Saul*, 840 F. App'x 246, 247 (9th Cir. 2021) (remanding for further proceedings where, as here, plaintiff submitted evidence contradicting the VE's testimony).

**B.    Step One**

Plaintiff concedes, as the ALJ found, that he worked from April 2018 to September 2018. He argues, however, the ALJ erroneously failed to classify this period as an "unsuccessful" work attempt.  Dkt. 12 at 4.  Plaintiff contends the ALJ's finding is based on a "misstate[ment]" of "the content of [Plaintiff's] testimony." *Id*.  The Commissioner does not defend or otherwise address the ALJ's finding.  *See* Dkt. 16 at 1, n. 1.  Accordingly, on remand, the ALJ shall reexamine her step one findings in light of Plaintiff's testimony.

1

## CONCLUSION

2       For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

3  this case is **REMANDED** for further administrative proceedings under sentence four of 42

4  U.S.C. § 405(g).

5       Dated this 16th day of June, 2021.

6

7

8                                        S. KATE VAUGHAN
                                         United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23